UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| C.R., As Next Friend of C.R., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| VS. ) | Civil Action No: SA-12-CA-1046-XR |
| ) | |
| AMERICAN INSTITUTE FOR FOREIGN ) | |
| STUDY, INC. d/b/a CAMP AMERICA, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

On this date, the Court considered Defendant Camp America's Motion for Leave to File Third-Party Complaint (docket no. 17) and Plaintiffs' Unopposed Motion for Leave to Join Additional Parties and File Plaintiffs' First Amended Original Complaint (docket no. 19).

**Background**

Plaintiff filed the Original Complaint in this Court against Defendant Camp America on behalf of C.R., a minor, to recover damages arising from the alleged sexual assaults of the minor during his stay at Camp Stewart for Boys.  Scott Zirus, who allegedly sexually assaulted C.S., was hired as a camp counselor at Camp Stewart.  Plaintiffs allege that Zirus was sent to Camp Stewart through Defendant Camp America, which specializes in finding foreign individuals who wish to work as camp counselors and matching them with camps in the United States.  Plaintiffs allege that Camp America was negligent and breached its duty to use reasonable care in the screening of applicants and recommending them for placement.

Jurisdiction over this case is based in diversity.  *See* docket no. 1 (Original Complaint).

Plaintiffs are citizens of Texas and Defendant Camp America is a citizen of Delaware and Connecticut. *Id.* The amount in controversy exceeds $75,000.

## Analysis

On the scheduling order deadline for filing motions for leave to amend or to join additional parties, Defendant Camp America filed a Motion for Leave to File Third-Party Complaint pursuant to Rule 14(a),[1] seeking to join Camp Stewart as a third-party Defendant. Plaintiffs did not file a response to the motion, and thus under the local rules the motion may be deemed unopposed. LOCAL RULE CV-7(e). Instead, on the deadline for filing a response, Plaintiffs filed an Unopposed Motion for Leave to Join Additional Parties and File Plaintiffs' First Amended Original Complaint. The motion states, "If the Court grants Camp America's request [to file the third-party complaint], the Plaintiffs request leave under Federal Rules of Civil Procedure 14(A)(3) to assert claims against Camp Stewart." Rule 14(a)(3) provides, "The plaintiff may assert against the third-party defendant any claim arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff." However, Rule 14(a)(3) does not dispense with the requirement that the Court have jurisdiction over the subject matter of the claim. Wright, FED. PRAC. & PROC. § 1444 ("Once the third-party defendant is in the action, the rule also sets out a series of additional claims that may be made between the parties. In each of these instances, as is true of all actions in the federal courts, each of the claims must satisfy the requirement that the court have jurisdiction over the subject matter."). Plaintiffs submit a proposed Amended Original Complaint, which states

---

[1] Rule 14(a)(1) provides, "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer."

2

that Plaintiffs are citizens of Texas and proposed Defendant Camp Stewart is also a citizen of Texas. *See* docket no. 42-1.  Accordingly, the proposed Amended Original Complaint demonstrates on its face that Plaintiffs and Camp Stewart are not diverse, and no other basis for jurisdiction is asserted.

**A. Motion for Leave to File Third-Party Complaint (docket no. 17)**

The Court first considers whether to grant Camp America's motion for leave to file its third-party complaint against Camp Stewart.  As noted, Plaintiffs did not file a response in opposition to the motion.

Courts are granted wide discretion in determining whether to permit third-party claims. *McDonald v. Union Carbide Corp.*, 734 F.2d 182, 183 (5th Cir. 1984).  The Court's discretion may be exercised only if the proposed third-party claim is within the scope of Rule 14.  Rule 14 impleader permits the defendant to implead a nonparty "who is or may be liable to it for all or part of the claim against it."  FED. R. CIV. P. 14(a).  "Defendant no longer can bring in a third party solely on the basis that the third party is liable to plaintiff; defendant must be able to assert a claim against the third-party on the defendant's own behalf."  Wright, FED. PRAC. & PROC. § 1444.1.  Secondary or derivative liability is central to impleader, and thus impleader has been successfully utilized when the basis of the third-party claim is indemnity, subrogation, contribution, warranty, or some other theory.  *Martco Ltd. P'ship v. Bruks Inc.*, 430 F. App'x 332, 334 (5th Cir. 2011) (per curiam) (quoting 6 WRIGHT & MILLER § 1446, at 415–21 (3d ed. 2010)).

Camp America's proposed Third-Party Complaint asserts that Camp Stewart may be liable to Camp America for contribution as a joint tortfeasor pursuant to Chapter 33 of the Texas Civil

Practice and Remedies Code.[2]  "If the governing substantive law recognizes a right of contribution, impleader under Rule 14 is a proper procedure by which to seek relief from joint tortfeasors. The availability of impleader enables the right of contribution to be litigated concurrently with the main claim."  Wright, FED. PRAC. & PRO. § 1448.  In Texas, contribution is available among jointly and severally liable tortfeasors, including third-party defendants. *See* TEX. CIV. PRAC. & REM. CODE § 33.015 (permitting contribution among jointly and severally liable tortfeasors), § 33.016 (defining "contribution defendant" as including a "third-party defendant from whom any party seeks contribution with respect to any portion of damages for which that party may be liable, but from whom the claimant seeks no relief at the time of submission").  Thus, the third-party claim appears proper under Rule 14.

The Court next considers the applicable discretionary factors.  In deciding whether to allow a third-party complaint, courts consider factors such as prejudice placed on the other parties, undue delay by the third-party plaintiff, lack of substance to the third-party claim, and advancing the purposes of Rule 14 (such as avoiding duplicative suits on closely related issues).  *Vinmar Overseas, ltd. v. Ocean Connect, LLC*, Civ. A. No. H-11-4311, 2012 WL 5989206, at *3 (S.D. Tex. Nov. 29, 2012) (citing 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRAC. & PROC. § 1443 at 300-11 (2d ed.1990)); *see also Am. Intern. Specialty Lines Ins. Co. v. 7–Eleven*, Inc., No. 3:08-CV-807-M, 2009 WL 2448440, at *1 (N.D. Tex. Aug.7, 2009).  The parties have not briefed the relevant factors.  However, Camp America's motion is timely insofar as it falls within the deadline for joining parties under the scheduling order.  Allowing the third-party complaint also

---

[2] Camp America has already designated Camp Stewart as a responsible third party.  That designation did not join Camp Stewart as a party, but ensured that, with sufficient proof to proceed to a determination by the jury, Camp Stewart's proportionate responsibility will be determined.

advances the purposes of Rule 14 by permitting the contribution claim to be adjudicated with the claim against Camp America. Plaintiffs filed no response to the motion and have demonstrated no prejudice from permitting the third-party complaint. Further, the Court may exercise supplemental jurisdiction over Camp America's third-party claim against Camp Stewart. 28 U.S.C. § 1367(a). Thus, the Court will grant the motion.

**B. Plaintiffs' Unopposed Motion for Leave to Join Additional Parties and File Plaintiffs' First Amended Original Complaint (docket no. 19)**

Although the Court may exercise supplemental jurisdiction over Camp America's third-party claim against Camp Stewart, 28 U.S.C. § 1367(b) makes clear that the Court may *not* exercise supplemental jurisdiction over *Plaintiffs*' proposed claims against Camp Stewart. Section 1367(b) states that where the district court's original jurisdiction is based solely on diversity, as is the case here, the court does not have supplemental jurisdiction over claims by plaintiffs against persons made parties under Rule 14 when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of § 1332. Thus, there must be an independent basis for jurisdiction for Plaintiffs' claims against Camp Stewart, which is lacking.[3] Further, permitting Plaintiffs, who are Texas citizens, to bring their claims against Camp Stewart, also a Texas citizen, would destroy diversity jurisdiction just as if Plaintiffs had sued Camp Stewart

---

[3] The Court notes that it previously had jurisdiction over different plaintiffs' claims against Camp America and Camp Stewart. *See* 10-CV-1044. However, in those consolidated cases, Plaintiffs also sued Scott Zirus under 18 U.S.C. §2255(a), which gave the Court federal question jurisdiction over that claim under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' claims against Camp Stewart. *See* 10-CV-1044 docket no. 73 (discussing Court's jurisdiction). The only basis for jurisdiction in this case is diversity jurisdiction.

initially.[4] Plaintiffs' unopposed motion for leave to file an amended complaint must be denied. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 376 (1978) ("A plaintiff cannot complain if ancillary jurisdiction does not encompass all of his possible claims in a case such as this one, since it is he who has chosen the federal rather than the state forum and must thus accept its limitations.").

## Conclusion

Camp America's Motion for Leave to File Third-Party Complaint (docket no. 17) is GRANTED. Camp America shall serve Camp Stewart with a copy of a summons and complaint as soon as possible. Plaintiffs' Unopposed Motion for Leave to Join Additional Parties and File Plaintiffs' First Amended Complaint (docket no. 19) is DENIED.

It is so ORDERED.

SIGNED this 30th day of April, 2013.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[4] It appears that Plaintiffs (and perhaps Defendants) were unaware of the jurisdictional consequences of Plaintiffs' motion. If the parties agree that Camp Stewart should be made a party to the main action despite its effect on jurisdiction, they shall so inform the Court, and the Court will dismiss the lawsuit without prejudice so that Plaintiffs may proceed against both parties in state court.